# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

-----------------------------------------------------------X

MIRIAM EINHORM and RIVKI GLUCK,

                           Plaintiffs,       INDEX NO.:

      v.                                     **SUMMONS**

AMERICAN AIRLINES GROUP INC,

                         Defendants.

-----------------------------------------------------------X

To the Person(s) Named as Defendant(s) Above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiffs herein and to serve a copy of your answer on the plaintiffs at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New Jersey.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Venue: Plaintiffs designate the United States District Court for the District of New Jersey as the place of trial. The basis of this designation is pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of New Jersey within the meaning of 28 U.S.C. § 1391(c)(2).

Dated: April 7, 2025

                                                                               LEVENSON LAW GROUP

                                                                               <u>/s/ Scott Levenson</u>
                                                                               Scott Levenson, Esq.
                                                                               Attorney ID: 006351991
                                                                               625 W. 51st Street
                                                                               New York, NY 10019
                                                                               Tel: 347-352-2470
                                                                               LevensonLawGroup@gmail.com
                                                                               *Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-----------------------------------------------------------X

MIRIAM EINHORM and RIVKI GLUCK,

                                  Plaintiffs,      INDEX NO.:

          v.

                                              **COMPLAINT**

AMERICAN AIRLINES GROUP INC,

                                Defendants.

-----------------------------------------------------------X

Plaintiffs, MIRIAM EINHORN ("Einhorn") and RIVKI GLUCK ("Gluck")(hereafter, collectively the "Plaintiffs"), by and through their attorneys, the Law Offices of Christian Martinez, PLLC, as and for their Complaint against the Defendant AMERICAN AIRLINES GROUP, INC. (hereafter, "Defendant"), hereby allege the following:

## NATURE OF THE CASE

1. This case stems from injuries suffered by the Plaintiffs prior to departure of their flight from Miami, Florida to Newark, New Jersey.

2. The occurrences herein have caused Plaintiffs to undergo significant unwarranted delay in their travel plans, great discomfort, extreme emotional distress, public embarrassment, and anxiety associated with publicly identifying themselves as Jewish.

## JURISDICTION

3. This action arises under 49 U.S. Code § 40127.

4. The Court has jurisdiction over the matter pursuant to 28 U.S. Code § 1331 as the causes of action herein either present federal questions, or supplemental questions of state law.

## VENUE

5. Venue is proper in this Court, pursuant to 28 U.S. Code § 1391(b)(1) because the Defendant is a resident of New Jersey pursuant to 28 U.S. Code § 1391(c)(2).

## PARTIES

6. Plaintiff, Miriam Einhorn, is an individual domiciled in Rockland County, New York.

7. Plaintiff, Rivki Gluck, is an individual domiciled in Ocean County, New Jersey.

8. Defendant, American Airlines Group Inc. is an airline company organized under the laws of Fort Worth, Texas. Defendant conducts business as a carrier in the State of New York and New Jersey.

## FACTUAL BACKGROUND

9. On November 18, 2024, the Plaintiffs experienced significant delay in their travel plans as they attempted to board their flight from Miami, Florida to Newark, New Jersey.

10. At approximately 8:00 AM, the Plaintiffs passed through the security gate and made their way to the gate for their flight, which had been delayed for a boarding time of 8:42 AM.

11. Plaintiffs arrived at their gate at approximately 8:50 AM, while boarding was still being carried out, and prior to their boarding group being called.

12. Plaintiffs observed the boarding process and approached the gate at the back of the line, boarding passes in hand, completely prepared to board the flight.

13. However, upon reaching the front of the line, the Plaintiffs were abruptly bounced from the flight without explanation.

14. Despite the Plaintiffs' presence, Defendant dropped Plaintiffs' seats right in front of them, while they were standing in line to board, citing their supposed lateness to the boarding process.

15. Plaintiffs were told to move aside so that others could board, including the passengers that received the Plaintiffs' seats.

16. While approaching the gate, Plaintiff Gluck was wearing a star of David necklace which was outside of her shirt and clearly displayed.

17. Plaintiffs further submit that they received hostile glares from the gate attendants from the moment they entered the back of the boarding line.

18. When asking for further clarification, the gate staff laughed as they told the Plaintiffs to "go read the rules and regulations" of American Airlines.

19. Plaintiffs sought assistance from a supervisor but were dismissed outright. The supervisor refused to address their concerns and coldly told them to rebook.

20. At the rebooking desk, the representative claimed, falsely, that the Plaintiffs had not shown up to boarding on time.

21. As a result, the Plaintiffs were offered inadequate rebooking options of standing by for a 2:30 PM or 6:30 PM flight, or a confirmed seat for a 9:08 PM flight, at the additional cost of $25 each to secure their seats on the later flight.

22. That night, when the Plaintiffs boarded the 9:08 PM flight, they spoke with a gate agent who expressed confusion over why the Plaintiffs were bounced from their earlier flight. The gate agent explained that the Plaintiffs were only obligated to be in the boarding area during the fifteen minutes prior to the flights reported departure time in order to board.

23. This acknowledgement confirms that the treatment Plaintiffs experienced was not only unreasonable, but a clear departure from standard procedure.

24. Upon information and belief, Plaintiffs were bounced from their flight, either wholly or partially, because of their Jewish faith.

25. These disruptions to the Plaintiffs' flight plans caused the Plaintiffs to miss important work and meetings.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Racial/Religious Discrimination in violation of 49 U.S.C. § 40127)

26. The Plaintiffs hereby reallege and incorporate the previous allegations as if fully set forth herein.

27. Based on the foregoing, Plaintiffs submit that the Defendant and/or its employees unjustifiably bounced the Plaintiffs from their flight on the basis of their Jewish heritage.

28. As stated previously, Plaintiff Gluck was wearing a Star of David necklace which was prominently displayed on the outside of her clothes.

29. The Plaintiffs submit that, upon realizing that Plaintiff Gluck was wearing a Star of David, the Defendants employees immediately started glaring at Plaintiffs and speaking to them rudely.

30. Plaintiffs further submit that, outside of the aforementioned religious/racial discrimination, there was no reason for the Plaintiffs to be bounced from their flight while they were calmly standing in line ready to board.

31. By reason of the Defendant and its employees' actions, Plaintiffs have been damaged, not only financially, by the significant delay in their travel plans, but also emotionally, as the Plaintiffs now suffer anxiety associated with publicly identifying themselves as Jewish.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

32. The Plaintiffs hereby reallege and incorporate the previous allegations as if fully set forth herein.

33. The parties herein entered into an enforceable contract for the carriage of Defendant from Miami, Florida to Newark, New Jersey.

34. Defendant accepted payment for said air-carriage and provided Plaintiffs with tickets.

35. However, upon attempting to board their flight, Plaintiffs were unjustifiably bounced from the line and had their tickets revoked.

36. By reason of the Defendants breach, the Plaintiffs suffered damages, including, but not limited to, lost wages, and the costs incurred in order to obtain another flight.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

37. The Plaintiffs hereby reallege and incorporate the previous allegations as if fully set forth herein.

38. The Defendants acted in an extreme and outrageous manner by denying the Plaintiffs boarding based on their racial/religious identity.

39. The Defendants acted intentionally.

40. As a result, the Plaintiffs suffered severe emotional distress, including, but not limited to, anxiety associated with publicly identifying themselves as Jewish.

41. The Defendants' intentional conduct is the direct cause of the Plaintiffs' emotional distress.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

42. The Plaintiffs hereby reallege and incorporate the previous allegations as if fully set forth herein.

43. Plaintiffs conferred a benefit on Defendant by transferring payment in exchange for a ticket to fly.

44. The Defendant had knowledge of the benefit they received, as they had received the payment, and responded by transferring tickets to the Plaintiffs.

45. It would be unjust to allow the Defendant to retain this benefit because the Plaintiffs were prevented from using their ticket to fly, without reason. Further, the Plaintiffs had to purchase additional tickets to make their return flight home after being unjustly denied the first flight they paid for.

**WHEREFORE,** the Plaintiffs seek an entry of judgment against the Defendants, awarding damages in an amount to be determined at trial, plus costs and fees, and such other and further relief as the Court deems just and proper.

Dated: April 7, 2025

LEVENSON LAW GROUP

/s/ Scott Levenson
Scott Levenson, Esq.
Attorney ID: 006351991
625 W. 51st Street
New York, NY 10019
Tel: 347-352-2470
LevensonLawGroup@gmail.com
*Attorney for Plaintiffs*
